UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Joos,                                          Civil No. 12-1822 (JRT/FLN)

      Plaintiff,

v.                                                     **REPORT & RECOMMENDATION**

Bank of America, N.A., Mortgage
Electronic Registration Systems, Inc.,
Federal National Mortgage Assoc.,

      Defendants.

---

Andrew M. Leone, Leone Legal, for Plaintiff.

Andre T. Hanson, Fulbright & Jaworski LLP, for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 16, 2012 on Defendants' motion to dismiss (ECF No. 7). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* ECF No. 16. For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In November 2002, Plaintiff William Joos executed a promissory note–secured by a mortgage–for $208,000 to buy a home in Cologne, MN. Compl. ¶ 6; Hanson Decl. Exs. A & B at 1, ECF No. 10.[1] Joos's finances became strained around January 2010 as a result of a traumatic brain injury suffered by his son. *Id.* ¶¶ 9-14. He subsequently defaulted on his mortgage loan. *Id.*

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), the Court generally ignores materials outside the pleadings but may consider materials that are "part of the public record" or that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

¶ 14. His home went into foreclosure. *Id.* ¶ 15. And, in December 2011, Joos lost his home at a sheriff's sale. *Id.* ¶ 46.

Between March and December 2011, Joos made several attempts to secure a loan modification with Defendant Bank of America, N.A. More specifically, Joos alleges that an unnamed, Bank-of-America representative accepted his offer to make larger monthly payments in order to cure his arrearage. *Id.* ¶¶ 16-18. Joos made $2,000 payments in April 2011 and May 2011, both of which were returned by Bank of America. *Id.* ¶ 19. Joos also alleges that he sent in a request for a HAMP loan modification (along with multiple copies of various financial documents), met with a Bank-of-America loan counselor, and was repeatedly assured by Bank of America's loan servicers that "everything was fine," that it was just a "long process," and that "if the review takes too long . . . [the loan servicer] would put in a postponement of sale." *Id.* ¶¶ 20-42.

On December 21, 2011, six days prior to the sheriff's sale, a Bank-of-America loan servicer advised Joos that "the account was still under review and that she would put in for a postponement of sale the next day (December 22, 2011); however, she stated that there was no guarantee that it will be postponed." *Id.* ¶ 43. Joos offered to pay Bank of America $12,000, which was $6,000 short of his overdue balance, and explained he could not come up with any additional money before the sheriff's sale. *Id.* ¶ 44. Bank of America refused to postpone the sale. *Id.* ¶ 46.

## II. ANALYSIS

Defendants move to dismiss all of the counts alleged in the complaint pursuant to Rule 12(b)(6).[2]

---

[2] Plaintiff concedes that counts 2 through 5 should be dismissed with prejudice. Pl.'s Br. at 2, ECF No. 15. The Court will only address the remaining counts: 1, 6, and 7.

## A. Standard of review

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to plaintiff, the non-moving party. See, e.g., *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir.2001). A motion to dismiss should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 570.

## B. The alleged oral modification is not enforceable.

Under the Minnesota Credit Agreement Act, an agreement to "lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation," must be in writing, signed by both the creditor and debtor, and supported by consideration. Minn. Stat. § 513.33, subd. 2 (2012). So to the extent Joos alleges that Defendant Bank of America orally consented to a modification of his loan agreement, such a modification is unenforceable under Minn. Stat. § 513.33.

## C. Count 1 fails to state a claim upon which relief can be granted.

In count 1, Joos contends that he "could not obtain a loan modification" due to "Defendants' failures to comply [with] statutory guidelines." Compl. ¶ 50. He therefore seeks an injunction "tolling and extending [his] right to redeem" the property. *Id.* ¶ 53.

The statutory guidelines to which Plaintiff refers are part of the "Making Home Affordable

Plan," promulgated by the Treasury Department to implement part of the Emergency Economic Stabilization Act of 2008. *See Bohnhoff v. Wells Fargo Bank, N.A.*, 853 F.Supp.2d 849, 853 (D. Minn. 2012); 12 U.S.C. § 5219(a)(1) (giving discretionary authority to the Secretary of Treasury to "use loan guarantees and credit enhancements to facilitate loan modifications to prevent avoidable foreclosures"). It is well established that no private right of action exists under HAMP. *Id.*; *Katrviravong v. Mirabella Mortgage*, Civ. No. 12-493 (ADM/JJG), 2012 U.S. Dist. LEXIS 78691 at *9-10 (D. Minn. Jun. 6, 2012) ("[C]ourts in [the District of Minnesota] have consistently ruled that HAMP fails to provide a private right of action.") (quoting *Ming'ate v. Bank of America, N.A.*, No. 11-1787, 2011 WL 4590431 at * 3 (D.Minn. Sept. 30, 2011)). Because no private right of action exists under HAMP, count 1 fails to state a claim upon which relief can be granted.[3]

### D. Count 6 fails to state a claim upon which relief can be granted.

Joos alleges in count 6 that he "has suffered emotional distress and his health has diminished."[4] The common law tort of intentional infliction of emotional distress requires proof of three elements: (1) that the defendant's conduct was extreme and outrageous; (2) that the conduct was intentional or reckless; and (3) that it caused severe emotional distress. *Hubbard v. United Press Int'l Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983).

---

[3] Joos argues in his opposition brief that count 1 is not a claim under HAMP but rather a common-law claim for negligence. Even if the Court were to conclude that his negligence claim was not preempted by HAMP, Joos has failed to establish that the program imposes a duty on lenders to make loan modifications or to do so in a timely fashion. *See Ming'ate*, 2011 WL 4590431 at *6 (D. Minn. Sept. 30, 2011) (assuming without deciding that plaintiff's negligence claim is not preempted by HAMP, the program creates "no duty for lenders to make loan modifications or to do so in a timely fashion").

[4] Count 6 also contains allegations pertaining to the Real Estate Settlement Procedures Act. Joos, however, has stipulated to the dismissal of his RESPA claim. *See* Pl.'s Br. at 2, ECF No. 15.

Joos has not alleged any facts upon which a reasonable factfinder could conclude that Defendants' conduct was extreme and outrageous conduct. Joos concedes that he borrowed money and then defaulted on his loan, which was secured by a mortgage. Compl. ¶¶ 14-16. Defendant MERS assigned the mortgage. Defendant Bank of America initiated a foreclosure, and Defendant Fannie Mae simply accepted title to the property following a sheriff's sale. These facts do not, without more, rise to the level of extreme and outrageous conduct. Count 6 fails to state a claim upon which relief can be granted.

### E. Count 7 fails to state a claim upon which relief can be granted.

In count 7, Joos alleges that Defendants failed to satisfy the requisites of Minn. Stat. § 580.02 in foreclosing the mortgage because the "[t]he assignment by MERS was not duly registered as the person who signed off on the assignment was not an officer of MERS; in fact, she was a loan officer for [Bank of America]." Compl. ¶ 89.

In order to foreclose a mortgage, Minn. Stat. § 580.02 requires, among other things,

> that the mortgage has been recorded, and if it has been assigned, that all assignments thereof have been recorded, provided, that if the mortgage is upon registered land, it shall be sufficient if the mortgage and all assignments thereof have been duly registered . . . .

Minn. Stat. § 580.02 (2012).

The mortgage was recorded and so was the assignment from Defendant MERS to BAC Home Loans Servicing. *See* Hanson Decl. Ex. B at 1, Ex. D at 1, ECF No. 10. Joos's home was not Torrens property, so the "duly registered" provision of Minn. Stat. § 580.02 does not apply. *See* Hanson Decl. Ex. C at 2, ECF No. 10. Because the mortgage and its subsequent assignment were recorded and because Joos does not contend that Defendants otherwise failed to comply with Minn.

5

Stat. § 580.02,[5] count 7 fails to state a claim upon which relief can be granted.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss (ECF No. 7) should be **GRANTED**.

2. Counts 1 through 7 of the complaint should be **DISMISSED WITH PREJUDICE**.

3. The Court should enter judgment accordingly.

DATED: December 11, 2012                  *s/ Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 26, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 26, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[5] To the extent Joos challenges the validity of the assignment from MERS to BAC Home Loans Servicing based on his contention that the signatory to the assignment was an officer of both entities, this argument is without merit. *See Ostigaard v. Deutsche Bank Nat. Trust. Co.*, Civ. No. 10-1557 (DSD/JSM) 2011 WL 1641974 at *2 (D. Minn. May 2, 2011) (rejecting the same argument); *Jackson v. Mortg. Elec. Registration Sys., Inc.* 770 N.W.2d 487, 491, 495 (Minn. 2009) (recognizing that MERS shares officers with some of the lenders with which it works and noting "legislative approval of MERS' practices").